CommonWEALTH *vs.* BRIDGET McGUIRE.

A sale of intoxicating liquor to an agent of an undisclosed principal may be alleged in a complaint as a sale to the principal.

Complaint on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor to John Kennedy. At the trial in the court of common pleas in Bristol, before *Aiken,* J., Ellen Kennedy testified that her husband, John Kennedy, gave her money to buy gin, and she bought it of the defendant, and delivered it to him; that he was not present, nor did she tell the defendant for whom it was, nor did the latter know she was a married woman, o in any way acting as the agent of John Kennedy.

The defendant requested the judge to rule that if the transaction was between her and Ellen Kennedy alone, and the defendant did not know that the liquor was for John Kennedy, the jury could not convict her of a sale to him; but the judge ruled that the evidence was sufficient, if believed, to warrant the jury

in finding that the allegation of a sale to John Kennedy was proved; and the defendant, being convicted, alleged exceptions

*J. Brown,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J.   The single question in the present case is whether, upon the evidence, the sale of liquors was properly charged in the complaint as a sale to John Kennedy.   The defendant insists that it can only be held to have been a sale to Ellen Kennedy, and relies upon the cases of *Commonwealth* v. *Kimball,* 7 Met. 308, and *Commonwealth* v. *Remby,* 2 Gray, 508, as sustaining this view of the case.   But those cases, upon a careful examination, do not sustain the position taken in the defence. The case of *Commonwealth* v. *Kimball* was an indictment for a sale to an agent who did not disclose his principal, and in this respect was, in its facts, like the present case; but the indictment alleged the sale to have been made to the agent, and the court held that this might be so alleged.   But the opinion goes no further, and does not hold that it might not have been also properly alleged to have been a sale to the principal, if such principal had been subsequently disclosed.   The case of *Commonwealth* v. *Remby* was a case of a sale to an agent, who fully disclosed his principal to the vendor at the time of the sale, and informed him that a third person furnished the money, and that the liquor was bought for such person; and upon these facts, the court held that the sale could not properly be charged as a sale to the agent.   It is hardly necessary to say that the case last cited differs entirely from the present case, inasmuch as the agency being disclosed, and the principal known to the vendor, it could in no aspect be treated as a sale to the agent. The only case, therefore, that can be considered as having been decided upon a state of facts similar to the present is that of *Commonwealth* v. *Kimball.*   As already stated, the decision in that case was that the sale might be alleged as a sale to the agent.   This is doubtless true, but does not conflict with the ruling in the present case, that, upon the principal being disclosed, it might also be charged as a sale to the principal.   If goods were sold on credit under similar circumstances, it would

be optional with the vendor to treat the sale as made to the agent, or the principal, as he might elect. We think the government may, in an indictment describing such sale, allege it in either form ; as a sale to the agent, or to the afterwards disclosed principal.                          *Exceptions overruled.*